# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Chad Richard Tate<br>Date of Original Judgment: 03/01/2022<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)  Case No: 0419 3:20CR00403-001<br>)<br>)  USM No: 14018-509<br>)<br>)<br>)  Polly Richmond<br>)  *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ **DENIED.**   ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 03/24/2022, shall remain in effect.

**IT IS SO ORDERED**.

Signed: October 17, 2024

Frank D. Whitney
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Chad Richard Tate
CASE NUMBER: 0419 3:20CR00403
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 31   Amended Total Offense Level: 31
Criminal History Category: VI   Criminal History Category: V
Previous Guideline Range: 188 to 235 months   Amended Guideline Range: 168 to 210 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant is not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because his concurrent sentence of 120 months represented the statutory mandatory minimum sentence for Count 1. Under Part B of the Amendment, Defendant now scores twelve criminal history points instead of thirteen, which results in a criminal history category of V and a guideline range of 168 to 210 months, lower than his original guideline range of 188 to 235 months. However, under Sentencing Guideline Sections 5G1.1 and 5G1.2, the sentence imposed may not be less than the statutorily required minimum sentence, which in this case was 120 months. A sentence reduction under Amendment 821 is not a full resentencing, therefore the Court will not consider bases for reduction outside the terms of the Amendment, such as the safety-valve or another departure, as argued in Defendant's Motion, (Doc. No. 37, p. 4). The application of Amendment 821 does not warrant a reduction in Defendant's sentence.